**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SANDRA B. WILTSHIRE,**

      **Plaintiff,**

**v.**                                **Civil Action No. 3:19cv00206-REP**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,** *et al.,*

      **Defendants.**

**EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through undersigned counsel, and answers Plaintiff Sandra B. Wiltshire's ("Plaintiff") Complaint ("Complaint") as follows:

Experian states that the introductory paragraph of the Complaint describes the nature of the action, including the relief sought. Experian denies, however, that Plaintiff has any basis in fact or in law to maintain this action against Experian. Experian admits that the Complaint demands actual, statutory, and punitive damages and attorneys' fees and costs. Experian denies that it has violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the introductory paragraph of the Complaint that relates to Experian.

**Preliminary Statement**

1.      Paragraph 1 of the Complaint appears to quote from and characterize the FCRA and the congressional record. Experian states that the FCRA and the congressional record speak for themselves and, on that basis, denies any allegations of paragraph 1 inconsistent therewith.

2.      Paragraph 2 of the Complaint appears to characterize the FCRA.  Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 2 inconsistent therewith.  Experian denies the remaining allegations of paragraph 2 as they pertain to Experian.  To the extent the allegations in paragraph 2 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

3.      Paragraph 3 of the Complaint appears to characterize the FCRA.  Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 3 inconsistent therewith.  Experian denies the remaining allegations of paragraph 3 as they pertain to Experian.  To the extent the allegations in paragraph 3 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

4.      Paragraph 4 of the Complaint appears to characterize the FCRA.  Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 4 inconsistent therewith.  Experian admits that it communicates disputes of information to data furnishers through the e-Oscar system, which sends an automated consumer dispute verification form ("ACDV") to the data furnisher.   Experian further admits that on or around September 24, 2014, November 25, 2014, and April 26, 2017, it received correspondence from Plaintiff, and that on or around September 14, 2014, and May 3, 2017, it sent ACDVs to U.S. Bank.  Experian states that those communications speak for themselves.  To the extent the allegations in paragraph 4 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

**Jurisdiction and Venue**

5.      Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion, which is not subject to denial or admission.   To the extent a response is required, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 5 of the Complaint and therefore denies same.

6.      Experian admits that Plaintiff has alleged that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).  Experian states that this is a legal conclusion, which is not subject to denial or admission. To the extent a response is required, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 6 of the Complaint and therefore denies same.

**Parties**

7.      Experian admits, upon information and belief, that Plaintiff is a "person," as defined by 15 U.S.C. § 1681a(b), and a "consumer," as defined by 15 U.S.C. § 1681a(c).

8.      Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California.  Experian further admits that it is qualified to do business and conducts business in the Commonwealth of Virginia, and that it has a registered agent in Richmond, Virginia.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9.      Experian admits that it is a consumer reporting agency, as defined in 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10. Experian admits that it is a consumer reporting agency, as defined in 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

11. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 11 of the Complaint and therefore denies same.

12. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 12 of the Complaint and therefore denies same.

13. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 13 of the Complaint and therefore denies same.

14. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 14 of the Complaint and therefore denies same.

15. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore denies same.

## Factual Allegations

16. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 16 of the Complaint and therefore denies same.

17. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies same.

18. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore denies same.

19. Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 19 of the Complaint and therefore denies same.

20.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 20 of the Complaint and therefore denies same.

21.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 21 of the Complaint and therefore denies same.

22.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies same.

23.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 23 of the Complaint and therefore denies same.

24.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies same.

25.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore denies same.

26.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 26 of the Complaint and therefore denies same.

27.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies same.

28.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 28 of the Complaint and therefore denies same.

29.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore denies same.

30.     Experian admits that, on or around November 25, 2014, it received correspondence from Plaintiff.  Experian states that Plaintiff's correspondence speaks for itself.  Except as specifically admitted and stated here, Experian lacks knowledge or information necessary to form

a belief about the truth of the allegations in paragraph 30 of the Complaint and therefore denies same.

31.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 31 of the Complaint and therefore denies same.

32.     Experian admits that, on or around December 2, 2014, it sent Plaintiff correspondence regarding her dispute.  Experian states that such correspondence speaks for itself. Except as specifically admitted and stated here, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 32 of the Complaint and therefore denies same.

31.[1]     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in the second paragraph 31 of the Complaint and therefore denies same.

33.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies same.

34.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 34 of the Complaint and therefore denies same.

35.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore denies same.

36.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies same.

37.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies same.

---

[1] Plaintiff's Complaint contains two Paragraphs numbered 31.

38.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 38 of the Complaint and therefore denies same.

39.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 39 of the Complaint and therefore denies same.

40.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 40 of the Complaint and therefore denies same.

41.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 41 of the Complaint and therefore denies same.

40.[2]     Experian admits that, on or around April 26, 2017, it received correspondence from Plaintiff.  Experian states that Plaintiff's correspondence speaks for itself.  Except as specifically admitted and stated here, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in the second paragraph 40 of the Complaint and therefore denies same.

41.[3]     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in the second paragraph 41 of the Complaint and therefore denies same.

42.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore denies same.

43.     Experian admits that, on or around May 18, 2017, it sent correspondence to Plaintiff regarding her dispute.  Experian states that such correspondence speaks for itself.

44.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 44 of the Complaint and therefore denies same.

---

[2] Plaintiff's Complaint contains two Paragraphs numbered 40.

[3] Plaintiff's Complaint contains two Paragraphs numbered 41.

45.     Experian denies the allegations in paragraph 45 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 45 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

46.     Experian admits that, on or around September 14, 2014, and May 3, 2017, it forwarded Plaintiff's disputes to U.S. Bank.  Except as specifically admitted here, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 46 of the Complaint and therefore denies same.

47.     Experian admits that, on or around September 14, 2014, November 25, 2014, and April 26, 2017, it received correspondence from Plaintiff.  Experian states that Plaintiff's correspondence speaks for itself.  Experian denies the remaining allegations in paragraph 47 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 47 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

48.     Experian denies the allegations in paragraph 48 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 48 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (EXPERIAN AND TRANS UNION)

49.     Experian repeats and incorporates by reference its responses to paragraphs 1-48 as if fully set forth herein.

50.     Experian denies the allegations in paragraph 50 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 50 pertain to other Defendants, Experian lacks

knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

51. Experian denies that Plaintiff suffered any damages as a result of Experian's conduct, as alleged in paragraph 51 of the Complaint. Experian denies the allegations of paragraph 51 of the Complaint as they pertain to Experian. To the extent the allegations in paragraph 51 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

52. Experian denies that it harmed Plaintiff either negligently or willfully, as alleged in paragraph 52 of the Complaint. Experian further denies that Plaintiff is entitled to any recovery whatsoever from Experian, as alleged in paragraph 52 of the Complaint. To the extent the allegations in paragraph 52 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

53. Experian denies that Plaintiff is entitled to any recovery whatsoever from Experian, as alleged in paragraph 53 of the Complaint. To the extent the allegations in paragraph 53 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)
### (TRANS UNION AND EXPERIAN)

54. Experian repeats and incorporates by reference its responses to paragraphs 1-53 as if fully set forth herein.

55. Experian denies the allegations in paragraph 55 of the Complaint as they pertain to Experian. To the extent the allegations in paragraph 55 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

56.     Experian denies the allegations in paragraph 56 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 56 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

57.     Experian denies the allegations in paragraph 57 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 57 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

58.     Experian denies that Plaintiff suffered any damages as a result of Experian's conduct, as alleged in paragraph 58 of the Complaint.  Experian denies the allegations of paragraph 58 of the Complaint as they pertain to Experian.  To the extent the allegations in paragraph 58 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

59.     Experian denies that it harmed Plaintiff either negligently or willfully, as alleged in paragraph 59 of the Complaint.  Experian further denies that Plaintiff is entitled to any recovery whatsoever from Experian, as alleged in paragraph 59 of the Complaint.  To the extent the allegations in paragraph 59 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

60.     Experian denies that Plaintiff is entitled to any recovery whatsoever from Experian, as alleged in paragraph 60 of the Complaint.  To the extent the allegations in paragraph 60 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

61.     Experian denies that Plaintiff is entitled to any recovery whatsoever from Experian, as alleged in paragraph 61 of the Complaint.  To the extent the allegations in paragraph 61 pertain to other Defendants, Experian lacks knowledge or information necessary to form a belief about the truth of those allegations and therefore denies same.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A) and (B)
### (U.S. BANK)

62.     Experian repeats and incorporates by reference its responses to paragraphs 1-61 as if fully set forth herein.

63.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 63 of the Complaint and therefore denies same.

64.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 64 of the Complaint and therefore denies same.

65.     Experian admits that it communicates disputes of information to data furnishers through the e-Oscar system, which sends an ACDV form to the data furnisher.  Except as specifically admitted here, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 65 of the Complaint and therefore denies same.

66.     Experian admits that it communicates disputes of information to data furnishers through the e-Oscar system, which sends an ACDV form to the data furnisher.  Except as specifically admitted here, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 66 of the Complaint and therefore denies same.

67.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 67 of the Complaint and therefore denies same.

68.     Experian admits that, on or around September 14, 2014, and May 3, 2017, it forwarded Plaintiff's disputes to U.S. Bank.  Except as specifically admitted here, Experian lacks

knowledge or information necessary to form a belief about the truth of the allegations in paragraph 68 of the Complaint and therefore denies same.

69.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 69 of the Complaint and therefore denies same.

70.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 70 of the Complaint and therefore denies same.

71.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 71 of the Complaint and therefore denies same.

72.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 72 of the Complaint and therefore denies same.

73.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 73 of the Complaint and therefore denies same.

74.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 74 of the Complaint and therefore denies same.

75.     Paragraph 75 of the Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 75 of the Complaint and therefore denies same.

76.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 76 of the Complaint and therefore denies same.

77.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 77 of the Complaint and therefore denies same.

78.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 78 of the Complaint and therefore denies same.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (U.S. BANK)

79.     Experian repeats and incorporates by reference its responses to paragraphs 1-78 as if fully set forth herein.

80.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 80 of the Complaint and therefore denies same.

81.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 81 of the Complaint and therefore denies same.

82.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 82 of the Complaint and therefore denies same.

83.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 83 of the Complaint and therefore denies same.

84.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 84 of the Complaint and therefore denies same.

85.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 85 of the Complaint and therefore denies same.

86.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 86 of the Complaint and therefore denies same.

87.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 87 of the Complaint and therefore denies same.

88.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 88 of the Complaint and therefore denies same.

89.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 89 of the Complaint and therefore denies same.

90.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 90 of the Complaint and therefore denies same.

91.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 91 of the Complaint and therefore denies same.

92.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 92 of the Complaint and therefore denies same.

## COUNT FIVE: FRAUDULENT FILING OF INFORMATION RETURN
### 26 U.S.C. § 7434
### (U.S. BANK)

93.     Experian repeats and incorporates by reference its responses to paragraphs 1-92 as if fully set forth herein.

94.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 94 of the Complaint and therefore denies same.

95.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 95 of the Complaint and therefore denies same.

96.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 96 of the Complaint and therefore denies same.

97.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 97 of the Complaint and therefore denies same.

98.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 98 of the Complaint and therefore denies same.

99.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 99 of the Complaint and therefore denies same.

100.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 100 of the Complaint and therefore denies same.

101.     Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 101 of the Complaint and therefore denies same.

In response to the unnumbered paragraph in the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Experian.

### Response to Demand for Jury Trial

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is not liable to Plaintiff to the extent that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiff cannot recover any damages that she may have suffered, which Experian continues to deny, to the extent that they were the direct and proximate result of the conduct of Plaintiff. Under such circumstances, Plaintiff would be estopped and barred from recovery of any damages from Experian.

### FIFTH AFFIRMATIVE DEFENSE
### (INDEPENDENT INTERVENING CAUSE)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES)

Plaintiff cannot recover against Experian to the extent that her Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## EIGHTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS/LACHES)

Plaintiff cannot recover against Experian to the extent that some or all of her claims for relief in the Complaint are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc., prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     That Experian be dismissed as a party to this action;

(3)     For costs of suit and attorneys' fees herein incurred; and

(4)     For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By:*/s/David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May 2019, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF System which will then send a notification of such filing

(NEF) to the following:

Dale W. Pittman
THE LAW OFFICE OF DALE W.
    PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA  23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
Email: dale@pittmanlawoffice.com
*Counsel for Plaintiff*

Elizabeth W. Hanes
Craig C. Marchiando
Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: elizabeth@clalegal.com
Email: craig@clalegal.com
Email: lenbennett@clalegal.com
*Counsel for Plaintiff*

Gibson S. Wright
Michael R. Ward
MCCANDLISH HOLTON PC
111 E. Main St., Suite 2100
P.O. Box 796
Richmond, VA 23218-0796
Telephone: (804) 775-3100
Facsimile: (804) 775-3800
Email: gwright@lawmh.com
Email: mward@lawmh.com
*Counsel for Trans Union LLC*

Timothy J. St. George
Brooke K. Conkle
H. Scott Kelly
TROUTMAN SANDERS LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
Email: tim.stgeorge@troutman.com
Email: brooke.conkle@troutman.com
Email: scott.kelly@troutman.com
*Counsel for U.S. Bank, N.A.*

*/s/ David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com